

Steven R. Lindemann
**PARTNER**
DIRECT: 612.335.1724
OFFICE: 612.335.1500

steve.lindemann@stinson.com

August 18, 2021

<u>**VIA ECF**</u>

The Honorable John R. Tunheim
United States District Court
District of Minnesota
Diana E. Murphy United States Courthouse
300 South Fourth Street, Suite 202
Minneapolis, MN 55415

Re: Obermiller Nelson Engineering, Inc. v. River Towers Association and Langston Pearson Enterprises, Inc. d/b/a Hayes Automation
Court File No. 21-c v-00463 (D. Minn)

Dear Judge Tunheim:

On behalf of the River Towers Association I write to inform the court of the enclosed order issued yesterday by the panel of arbitrators presiding over the arbitration pending among the Association, Langston Pearson Enterprises, Inc. d/b/a Hayes Automation ("Hayes") and Obermiller Nelson Engineering, Inc. d/b/a Obernel ("ONE"). In short, the panel ruled in paragraph 1 of the order that "ONE is a proper party to this arbitration and all claims and defenses pertaining to ONE's work on the project are arbitrable." The panel also ruled in paragraph 2 that any future motion filed by ONE addressing the Association's direct claims against ONE "shall not include arbitrability of the dispute" because that issue has already been decided.

The Association sees no need for further briefing on this matter but wanted to make the court aware of this development for its consideration in deciding the pending motion.

Sincerely,

**Stinson LLP**

Steven R. Lindemann

SRLN:laa

Enclosure

cc: Mark R. Azman
    Shamus P. O'Meara
    Peter M. Waldeck



AMERICAN ARBITRATION ASSOCIATION

_____

In the Matter of the Arbitration:

Re:  Case No. 01-21-0001-1348

River Towers Association,                    ORDER GRANTING IN PART AND DENYING IN PART REQUEST TO BRING PRELIMINARY MOTIONS

Claimant,

v.

Langston Pearson Enterprises, Inc. d/b/a Hayes Automation, and Obermiller Nelson Engineering, Inc. d/b/a Obernel,

Respondents.

_____

This order is in response to the request of Respondent Obermiller Nelson Engineering, Inc. d/b/a Obernel ("ONE") for permission to bring preliminary motions in this case.  The request was considered and determined by Arbitrators Eric W Forsberg, James Hartnett, and Kirk Kolbo ("Panel").

Respondent ONE was represented by Shamus P O'Meara.  Claimant River Towers Association ("Association") was represented by Steven R Lindemann.  Respondent Langston Pearson Enterprises, Inc. d/b/a Hayes Automation ("Hayes") did not respond to Respondent ONE's request.

Respondent ONE's request was made by a letter submission dated August 4, 2021.  Claimant Association opposed the request by a submission dated August 11, 2021.

1. Respondent ONE's request for leave to bring a motion to stay this arbitration pending the federal court's decision in a related matter is DENIED.  The AAA rules governing this proceeding do not contemplate staying an arbitration proceeding pending the adjudication of a related court proceeding.  While the Panel would have the authority to grant such relief (see Rule-31, and R-38) under extraordinary circumstances, ONE has not made such a showing, and further a stay would be inconsistent with one of the primary goals of arbitration, an expeditious resolution of disputes.  The Panel also concludes that ONE's underlying basis for its request for a stay—that it is not a proper party to the proceeding—is not supported by the submissions of the parties. The claims alleged by the Association and Hayes relate to the work of ONE on the project.  Hayes has asserted claims directly against ONE, which indicates Hayes' intent that ONE be joined in this arbitration as a party.  The two conditions of arbitrability per the ONE subcontract with Hayes (that ONE's work be implicated and that Hayes request joinder) have been satisfied.  As a result, per the ONE subcontract, ONE "…consents to the jurisdiction and venue of, and agrees to be bound by any decision rendered in connection with, any such arbitration proceeding…"  ONE is a proper party to this arbitration and all claims and defenses pertaining to ONE's work on the project are arbitrable.  Accordingly, there is no basis to stay this

1

arbitration.  This ruling on arbitrability is not a ruling on the merits of any particular claim or defense.
2. Respondent ONE's request for leave to file a motion to dismiss the direct claims of the Association against it is GRANTED to the extent that (a) ONE may propose a briefing schedule for such a motion or preserve the issue for later determination, and (b) the motion shall be limited to addressing the grounds identified in ONE's August 4, 2021 letter submission at page 6, which shall not include arbitrability of the dispute.
3. Respondent ONE's request for leave to file a motion to dismiss the claims of Hayes against it that do not arise out of work performed under the Hayes-ONE subcontract is DENIED because the issue of what claimed damages arise from work performed under the subcontract is a fact-bound one that is premature for determination at this stage of the proceeding.
4. Respondent ONE's request for leave to file a Rule 7 motion for joinder of First Service, QSE, and Kraft or appointment of a Rule 7 arbitrator is DENIED.  ONE has not identified any contract in which First Service, QSE, or Kraft agreed to arbitrate any claims or any evidence or theory that would support joinder in the absence of such agreement.  Therefore, the minimum requirements of Rule 7 have not been satisfied.
5. Respondent ONE's request for leave to file dispositive motions with respect to the 21-day notice provision of the contract and the statute of limitations/repose defense is DENIED.  The parties' submissions demonstrate that allegations related to an alleged claim notice defense and an alleged statute of limitations defense with respect to the boiler flue claim raise disputed fact issues that must be determined at the hearing.

August 17, 2021

/s/ Eric W Forsberg, Chair

/s/ James Hartnett, Arbitrator

/s/ Kirk Kolbo, Arbitrator