UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

OBERMILLER NELSON ENGINEERING, INC.,

    Petitioner,

v.

RIVER TOWERS ASSOCIATION and LANGSTON PEARSON ENTERPRISES, INC. *d/b/a Hayes Automation*,

    Respondents.

Civil No. 21-463 (JRT/TNL)

**MEMORANDUM OPINION AND ORDER COMPELLING ARBITRATION AND STAYING THE ACTION**

---

Shamus P. O'Meara and Mark R. Azman, **O'MEARA LEER WAGNER & KOHL PA**, 7401 Metro Boulevard, Suite 600, Minneapolis, MN 55439, for petitioner.

Steven R. Lindemann, **STINSON LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402; and Christy Milliken, **STINSON LLP**, 1775 Pennsylvania Avenue Northwest, Suite 800, Washington, DC 20006, for respondent River Towers Association.

Peter M. Waldeck, **WALDECK LAW FIRM PA**, 121 South Eighth Street, Suite 1400, Minneapolis, MN 55402, for respondent Langston Pearson Enterprises, Inc.

After the parties became embroiled in a construction dispute and mediation resulted in an impasse, Respondent River Towers Association (the "Association") filed a demand for arbitration, asserting six claims against Respondent Langston Pearson

Enterprises, Inc., doing business as Hayes Automation ("Hayes"), and two against Petitioner Obermiller Nelson Engineering, Inc. ("ONE").

ONE petitions the Court to dismiss the Association's claims against it or stay the arbitration proceeding with respect to these claims. The Association asks that the Petition be dismissed or, in the alternative, for an order compelling ONE to arbitrate the claims. Because the parties agreed to leave the question of the claims' arbitrability to the arbitrator, not the Court, the Court will compel arbitration and stay the action pending the completion of arbitration.

## BACKGROUND

### I. FACTUAL BACKGROUND

The Association hired Hayes to revitalize its HVAC system, Hayes hired ONE as a subcontractor to design and plan the project, but implementation of the project was allegedly deeply flawed, so the Association hired another party to perform remedial work and remove the allegedly defective work performed by Hayes and ONE. (*See generally* Pet. ¶ 8, Ex. A ("Demand") at 4–8, Feb. 19, 2021, Docket No. 1–1.) For purposes of deciding the Association's Motion, further details of the underlying construction dispute are unimportant. What is important, however, are two contracts involving the parties: one entered into by the Association and Hayes ("Prime Contract"), and another entered into by Hayes and ONE ("Subcontract").

A.     **Prime Contract**

The Prime Contract defines a "claim" to be a demand or assertion by one of the parties seeking payment of money or other relief with respect to the terms of the Prime Contract, and other disputes and matters in question arising out of or relating to the Prime Contract.  (Demand at 47.)  If the parties cannot initially resolve a claim, then it is subject to mediation, except in limited circumstances.  (*Id.* at 48–49; *see also id.* at 41, 48–49 (waiving the mediation of certain claims made after final payment and claims for consequential damages, none of which are implicated here).)  Any claim unresolved by mediation is submitted to arbitration in accordance with the American Arbitration Association's ("AAA") Construction Industry Arbitration Rules.  (*Id.* at 22, 49.)  A demand for arbitration must be made in writing and the party filing the demand must assert all known claims for which arbitration is permitted.  (*Id.* at 49.)

B.     **Subcontract**

The Subcontract states that, insofar as the terms of the Prime Contract are applicable to the work to be performed by ONE, ONE shall be bound to Hayes not only by the terms of the Subcontract but also by the terms of the Prime Contract.  (*Id.* at 78.)  The Subcontract further provides that, to the extent that

> any arbitration proceeding . . . between [the Association] and Hayes involves any act or omission of [ONE] or any Work required to be performed hereunder by [ONE], [ONE] shall, if requested by Hayes, join in such arbitration proceeding . . . as a party, it being specifically understood and agreed that [ONE] expressly consents to the jurisdiction an[d] venue of, and

> agrees to be bound by any decision rendered in connection with, any such arbitration proceeding[.]

(*Id.*)  Finally, the Subcontract states that the Prime Contract shall be considered a part of the Subcontract.  (*Id.*)

## II.     PROCEDURAL BACKGROUND

The Association filed a demand for arbitration with the AAA on February 8, 2021, (Pet. ¶ 8, Feb. 19, 2021, Docket No. 1), alleging six causes of action against Hayes and two against ONE,[1] (Demand at 8–16.)  Hayes responded to the Association's demand on February 17, 2021, (Pet. ¶ 9), and asserted a crossclaim against ONE,[2] (*id.*, Ex. B at 7–10, Feb. 19, 2021, Docket No. 1-2.)

On February 19, 2021, ONE filed a Petition, asking the Court to dismiss the Association's claims against it with prejudice or, in the alternative, to stay the arbitration proceeding regarding these claims.[3]  (Petition ¶ 10.)  The Association asks the Court to

---

[1] The causes of action are as follows: (1) breach of contract against Hayes; (2) breach of express and implied warranties against Hayes; (3) breach of fiduciary duty against Hayes; (4) indemnification against Hayes; (5) theft of proceeds against Hayes; (6) slander of title against Hayes; (7) breach of contract against ONE as a third-party beneficiary; and (8) professional negligence against ONE.  (Demand at 8–16.)

[2] The crossclaim alleges three cause of action: (1) contractual reimbursement and indemnity; (2) breach of contract; and (3) contribution and indemnity.  (Pet. ¶ 9, Ex. B at 7–10, Feb. 19, 2021, Docket No. 1-2.)

[3] ONE also filed what it styled as a motion to dismiss, (Mot. Dismiss, Mar. 5, 2021, Docket No. 7), which it purportedly brought pursuant to Federal Rule of Civil Procedure 12(b)(6), (Mem. Supp. at 6, Mar. 5, 2021, Docket No. 9.)  The Court construed this motion as a motion for summary judgment and denied it as premature at an earlier status conference.  (Min. Entry, Apr. 23, 2021, Docket No. 33.)

dismiss the Petition, (Mot. Dismiss, Mar. 25, 2021, Docket No. 19), or, in the alternative, to compel arbitration and stay the action, (Mem. Supp. at 1, Mar. 25, 2021, Docket No. 20.)

## DISCUSSION

### I.   STANDARD OF REVIEW

The Federal Arbitration Act ("FAA") provides that an arbitration clause in "a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Any party aggrieved by another's alleged refusal to arbitrate can ask a federal court for an order compelling arbitration, and the court shall direct the parties to proceed to arbitration on issues that they agreed to submit to arbitration. *Id.* § 4; *Pro Tech Indus., Inc. v. URS Corp.,* 377 F.3d 868, 871 (8th Cir. 2004).

It is presumed that the court will determine whether the parties agreed to submit particular issues to arbitration, *see Pro Tech*, 377 F.3d at 871, but when the parties clearly and unmistakably intend to commit questions of arbitrability to an arbitrator, then the arbitrator makes this determination instead, *Eckert/Wordell Architects, Inc. v. FJM Properties of Willmar, LLC*, 756 F.3d 1098, 1100 (8th Cir. 2014). If the court finds that the parties committed questions of arbitrability to the arbitrator, then the FAA generally requires the court to stay an action pending arbitration instead of dismissing it. *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769 (8th Cir. 2011); *see also* 9 U.S.C. § 3.

## II.   ANALYSIS

The Subcontract obligates ONE to join any arbitration proceeding involving alleged acts or omissions by ONE or work that it was required to perform under the Subcontract when requested to do so by Hayes.  It is indisputable that Hayes asked ONE to join the arbitration proceeding initiated by the Association pursuant to the Prime Contract, and that this proceeding implicates work performed by ONE under the Subcontract and alleged acts and omissions by ONE.

As a result, ONE is obligated to join in the proceeding initiated by the Association and, as such, expressly consents to the jurisdiction of the arbitration proceeding.  Because the proceeding was initiated under the terms of the Prime Contract, which explicitly incorporates the AAA Rules, threshold questions of arbitrability are to be decided by the arbitrator.[4]  *See Eckert/Wordell Architects*, 756 F.3d at 1100 ("[T]he incorporation of the AAA Rules into a contract requiring arbitration [is] a clear and unmistakable indication the parties intended for the arbitrator to decide threshold questions of arbitrability."); *Green,* 653 F.3d at 769 ("[The AAA Rules] provide that an arbitrator has the power to determine his or her own jurisdiction over a controversy between the parties.").  Whether a nonsignatory to a contract may compel the arbitration of claims asserted against a

---

[4] The Court also notes that the Subcontract specifically states that the Prime Contract shall be part of the Subcontract, which likely incorporates the AAA Rules into the Subcontract as well. *See Marolt v. Alliant Techsystems, Inc.*, 146 F.3d 617, 621 (8th Cir. 1998) (stating that the terms of an agreement may be incorporated into another if they are known or easily available to the contracting parties).

signatory of the contract is a threshold question of arbitrability.[5] *Eckert/Wordell Architects*, 756 F.3d at 1100.

As such, whether the Association can assert direct claims against ONE is for the arbitrator to decide, not the Court. The Court will therefore grant the Association's Motion, in part, as the Court will compel arbitration and stay the action rather than dismissing it outright.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Association's Motion to Dismiss [Docket No. 19] is **GRANTED in part**, as follows:

    a. ONE is ordered to arbitrate the claims asserted against it by the Association in the arbitration proceeding initiated by the Association and currently before the AAA; and

    b. The action is **STAYED** pending the completion of the arbitration proceeding and the parties shall promptly notify this Court upon its completion.

DATED: August 20, 2021
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court

---

[5] Thus, the Court will not consider or decide the alternative arguments raised regarding whether the Subcontract's referencing of the Prime Contract itself delegates questions of arbitrability to the arbitrator. *See, e.g.*, *Eckert/Wordell Architects, Inc. v. FJM Properties of Willmar, LLC*, No. 12-968, 2013 WL 1942167, at *3 (D. Minn. May 9, 2013), *aff'd*, 756 F.3d 1098.